David A. St. John, Esq.
ST. JOHN LAW OFFICES
309 South A Street
Oxnard CA 93030-5038
(805) 486-8000 / fax (805) 486-8855
dsj@law-pro.net
048746

Attorneys for Debtor

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOSE BARRON and<br>COLUMBA BARRON,<br><br>Debtors. | CASE NO. 9:11-bk-10110-RR<br><br>APPLICATION BY DEBTOR TO EMPLOY COUNSEL (PROSPECTIVE); DECLARATION OF DAVID A. ST. JOHN, ESQ., DECLARATION OF JOSE BARRON<br><br>[11 U.S.C. § 327; Local Rules 2014-1]<br><br>[NO HEARING REQUIRED] |

TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:

Jose Barron and Columba Barron, the Debtors, apply to the Court for an order authorizing the employment of David A. St. John as attorney for the Debtors in this Chapter 11 case.

1. These proceedings were commenced by the filing of a emergency Voluntary Petition under Chapter 11 of the Bankruptcy Code on January 8, 201 to save Debtors' investment property from imminent foreclosure.

2. The Debtor have remained in possession of their assets and are now operating their affairs as a debtor-in-possession.

3. The Debtors have retained David A. St. John, attorney at law, to represent them in carrying out their duties under the Bankruptcy Code.

Application to Employ Counsel

4. The Debtors proposes to employ the attorney for the following purposes:

    A. to represent the Debtors in this Chapter 11 case and to advise the Debtors as to their rights, duties and powers as a debtors in possession;

    B. to prepare and file all necessary statements, schedules, and other documents and to negotiate and prepare one or more plans of reorganization for the Debtors;

    C. to represent the Debtors at all hearings, meetings of creditors, conferences, trials, and other proceedings in this case; and

    D. to perform such other legal services as may be necessary in connection with this case.

5. The Debtors have made careful and diligent inquiry and are satisfied that the attorney is qualified and competent to represent the Debtors in this case for the following reasons:

    A. the attorney is familiar with the Debtors' operations and financial affairs;

    B. the attorney has prepared and filed the petition and related documents initiating this Chapter 11 case; and

    C. the attorney is admitted to practice before this court, and is experienced in bankruptcy practice and consumer Chapter 11 proceedings relating to mortgage debt issues.

6. The Debtor has entered into a written employment agreement with the attorney dated January 7, 2011, with respect to the services to be performed by the Attorney and the compensation to be paid to the Attorney. A copy of the agreement is attached to this application and the Debtor proposes to compensate the attorney as provided in the agreement, subject to the approval of the court after the rendering of such services.

7. The Debtors are informed and believe that the attorney, has no connection with the Debtors, creditors, or any other party in interest, or their respective attorneys or accountants, is acquainted with the Debtors' management and is familiar with the Debtors' financial affairs. The Debtors are is informed and believe that the Attorney does not hold or represent an interest adverse to the estate with respect to the matters on which he is employed, and that the employment of the Attorney is in the best interest of the estate.

8. The appointment of a trustee has not been requested in this case and notice of this

2  Application to Employ Counsel

1 application need to be given only to the United States trustee for this district and a hearing need not 2 be held on this application unless promptly requested by the United States trustee.

3   WHEREFORE, the Debtors respectfully request this honorable court to enter an order 4 approving the employment of David A. St. John, as Attorney for the Debtors in this case.

5 Dated: March 15, 2011                             Respectfully submitted

*[signature]*
Jose Barron
Debtor and Debtor-in-Possession

*[signature]*
Columba Barron
Debtor and Debtor-in-Possession

### DECLARATION OF DAVID A. ST. JOHN, ESQ.

I, David A. St. John, declare:

1. I am an attorney at law duly licensed to practice in the State of California and admitted to the United States District Court, Southern District of California and other federal district courts. I make this declaration in support of Debtors' application to employ counsel. The facts stated below are within my personal knowledge, and if called as a witness, I would and could competently testify thereto.

2. I was admitted to practice law in California on January 7, 1971, and now have forty years experience in real estate and business law and litigation and bankruptcy related matters primarily representing builders and developers for the first 37 years. Beginning in 2008, I focused my practice in consumer law relating to the mortgage crises which required familiarity with remedies under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). I am a member of the National Association of Consumer Bankruptcy Attorneys since 2009, have attended intensive seminars, have daily contact with consumer bankruptcy attorneys nationwide, have filed at least six

3 Application to Employ Counsel

Chapter 11 cases since 2009, and have the knowledge and competence to represent consumer debtors in Chapter 11 cases involving real estate.

3. I have been paid a retainer of Five Thousand Dollars ($5,000.00) pre-petition. I anticipate that additional fees will arise in seeing the base case all the way through confirmation of a plan of reorganization and for anticipated adversary proceedings.

4. I also represent Debtors in a civil action filed on November 30, 2010, Case No. 1372848 in the Superior Court of California, Santa Barbara County, entitled *Jose Barron and Columba Barron, Plaintiffs, vs. The Bank of New York Melon fka The Bank of new York as successor to JP Morgan Chase Bank, NA, as trustee for Holders of SAMI II Trust 2206-AR-7, and Does 1-50, inclusive, Defendants*. The action is reflected in Debtors' Schedule B, No. 21, and Statement of Financial Affairs, No. 4. I received $10,000 pre-petition for services in the State Court action. I have received no payments from Debtors post-petition.

5. Debtors have agreed that I have reserved the right to seek approval from the Bankruptcy Court for additional compensation from the estate. The $5,000.00 was exhausted pre-petition. Further attorneys' fees will be paid from the assets of the estate upon approval by the court of a fee application submitted by the Attorney. I am waiving application *nunc pro tunc* for previous services. I am requesting compensation for services post-petition rendered effective March 15, 2011.

6. I will provide services in connection with representing Debtors as set forth in the Fee Agreement attached hereto, including the preparation of a disclosure statement, plan of reorganization, and any necessary motions to Chapter 11 reorganization.

7. I do not have any connection with either the Debtors or any insider of the Debtors, or any past or present creditors of the Debtors.

8. I am not a creditor of the Debtors for any non-bankruptcy related pre-petition services.

9. I am disinterested and have no adverse interest in the estate. I am not a creditor, an equity security holder nor an insider to the Debtors.

10. I am not and was not, an investment banker for any outstanding security for the Debtors or any corporation of which Debtors are a director, officer or person in control.

4  Application to Employ Counsel

11. I have not been within three (3) years before the date of the fling of the petition, an investment banker for security for the Debtors or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security for the Debtors.

12. I have not, and was not, within two (2) years before the date of the fling of the petition, a director, officer or employee of the Debtors or an investment banker specified in subparagraph (b) or (c) of the Bankruptcy Code Section 101 (14).

13. I do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to or in connection with the Debtors or an investment banker specified in subparagraphs (b) or (c) or Bankruptcy Code Section 101 (14).

14. My employment, including members and associates as legal counsel, would be in the best interests of this estate. The purpose and necessity of the Firm's employment is to represent Debtors in all facets of their Chapter 11 reorganization, including the preparation of a disclosure statement, plan of reorganization, and any necessary motions to Chapter 11 reorganization.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed on March 15, 2011 at Oxnard, California.

DAVID A. ST. JOHN
Attorney for Jose Barron and
Columba Barron Debtors and
Debtors in Possession

5  Application to Employ Counsel

## DECLARATION OF JOSE BARRON

I, Jose Barron, declare:

1. I am a Debtor in this Chapter 11 case. I make this declaration in support of Debtors' application to employ counsel. The facts stated below are within my personal knowledge, and if called as a witness, I would and could competently testify thereto.

2. During the Initial Meeting of Creditors on February 10, 2011, I became confused and incorrectly responded that I paid the attorney $15,000 in this case, $5,000 pre-petition, and two payments of $5,000, each, post-petition.

3. My answer should be corrected, as follows:

    A. I paid my attorney a $5,000 retainer in this case on or about January 7, 2011, by check No. ~~3625~~. 3592. JB.

    B. I previously paid my attorney $10,000 by check Nos. 3625 and 3583 dated October 1, 2010 and November 24, 2010, respectively, in the amount of $5,000 each pursuant to a separate agreement in connection with a civil action filed on November 30, 2010, Case No. 1372848 in the Superior Court of California, Santa Barbara County, entitled *Jose Barron and Columba Barron, Plaintiffs, vs. The Bank of New York Melon fka The Bank of new York as successor to JP Morgan Chase Bank, NA, as trustee for Holders of SAMI II Trust 2206-AR-7, and Does 1-50, inclusive, Defendants*. The action is reflected in Debtors' Schedule B, No. 21, and Statement of Financial Affairs, No. 4.

    C. Debtors have paid the attorney nothing post-petition.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed on March 15, 2011 at Oxnard, California.

                                                /s/ Jose Barron
                                                JOSE BARRON
                                                Debtor and Debtor in Possession

6  Application to Employ Counsel

## ST. JOHN LAW OFFICES

309 South A Street
Oxnard California 93030-5804
(805) 486-8000 • (805) 486-8855 Fax
dsj@law-pro.net

## AGREEMENT FOR EMPLOYMENT OF ATTORNEY

Jose Barron and Columba Barron residing at 832 Vales St, Santa Barbara CA 93109 (hereinafter "client"), and David A. St. John, attorney at law and the St John Law Offices (hereinafter "attorney"), agree as follows:

1.  The client hereby employs the attorney to represent, advise, and perform legal services for the client on matters related to any reorganization, workout agreement, bankruptcy proceeding, or similar transaction contemplated or entered into by the client, including the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.  The services to be performed by the attorney under this contract include the following:

    a.  Provide legal advice to and representation for the client with respect to any reorganization, workout agreement bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

    b.  Prepare any instruments, agreements, pleadings, or other documents necessary to effectuate any reorganization, workout agreement, bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

    c.  Represent the client in any action, proceeding, trial, conference, meeting, hearing, negotiation, or other proceeding or transaction in which the client is or becomes involved as a result of any reorganization, workout agreement, bankruptcy proceeding, or other agreement or transaction proposed or entered into by the client.

    d.  Should the client file a voluntary petition under Chapter 11 of the United States Bankruptcy Code, the attorney shall, with the assistance and cooperation of the client and its agents and employees, perform the following services:

        A.  prepare and file on behalf of the client all petitions, schedules, statements, plans and other documents or pleadings;

        B.  attend and represent the client at all meetings of creditors, hearings, trials, conferences, negotiations, and other proceedings, whether in or out of court;

---

The St John Law Offices designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States proudly assists consumers seeking relief under the US Bankruptcy Code.

AGREEMENT FOR EMPLOYMENT OF ATTORNEY – page 2

  C. provide legal advice to the client as to the rights, duties, and powers of the client as a Chapter 11 debtor in possession, and as to other matters arising in or related to the Chapter 11 case, including the formulation, presentation and confirmation of a plan of reorganization; and

  D. otherwise assist, advise, and represent the client on matters related to the Chapter 11 case as requested by the client.

3. The client agrees to reimburse the attorney for all necessary expenses and to compensate the attorney for services performed under this contract as follows:

  a. $400 per hour for time spent in court;

  b. $350 per hour for other time spent by the attorney; and

  c. $150 per hour for paralegal time spent by paralegals employed by the attorney.

4. The client agrees to pay the attorney, within two days after the date of this contract, a retainer of $5,000 for services performed or to be performed under this contract. The attorney shall apply the retainer toward the first $5,000 of services rendered or expenses incurred under this contract. Thereafter, the attorney shall bill the client on or about the final day of each month for services performed and expenses incurred under this contract during that month. The client shall promptly pay such bills from the general funds, except that if a bankruptcy case is filed, such bills shall not be paid unless allowed by the bankruptcy court.

5. The attorney warrants that the attorney is knowledgeable in the fields of law to be dealt with in the performance of this contract; that the attorney is experienced in bankruptcy practice and Chapter 11 reorganization proceedings; that the attorney has no connection with the client, the client's creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee that would preclude the attorney from representing the client as a debtor in possession in a Chapter 11 case; and that the attorney does not hold or represent an interest that would be adverse to the interest of the client's estate in a chapter 11 case.

6. The parties agree that the attorney may retain other attorneys as consultants on matters related to this contract, and the client agrees to compensate these attorneys for services rendered on the client's behalf at the rates set forth in paragraph 3 of this contract, provided that no services shall be performed by any other attorney without the prior written consent of the client to the employment of the other attorney.

7. The attorney agrees to fully account for all attorney and paralegal time performed under this contract and to permit the client to periodically review the work performed under this contract and the records thereof maintained by the attorney.

AGREEMENT FOR EMPLOYMENT OF ATTORNEY – page 3

8. Either party may terminate this contract at any time, subject to the approval of the bankruptcy court, if necessary.

Dated: January 7, 2011.

ATTORNEY:

ST JOHN LAW OFFICES

By _____
David A. St. John 048746

CLIENT:

_____
Jose Barron.

_____
Columba Barron.

# United States Bankruptcy Court
## Central District of California

In re: Jose Barron, Columba Barron, Debtor(s)

Case No. 9:11-bk-10110
Chapter 11

# PROOF OF SERVICE BY MAIL

I, Nenen Obrador, declare that I am a resident of or employed in the County of Ventura, State of California. My address is 309 South A Street, Oxnard, CA 39030-5804. I am over the age of eighteen years of age and am not a party to this case.

On March 17, 2011, I served APPLICATION TO EMPLOY COUNSEL (PROSPECTIVE) and [Proposed] ORDER on the parties listed below, by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Oxnard, CA addressed as follows:

American Express
c/o Becket and Lee LLP
Po Box 3001
Malvern, PA 19355

American Home Mtg Srv
4600 Regent Blvd.
Irving, TX 75063-2443

Bac Home Loans Servici
450 American St
Simi Valley, CA 93065

Chase
P.o. Box 15298
Wilmington, DE 19850

Chase
Po Box 1093
Northridge, CA 91328

Chase
Po Box 24696
Columbus, OH 43224

Childrens Place
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Citibank Usa
Citicard Credit Srvs/Centralized Bankrup
Po Box 20507
Kansas City, MO 64195

Macys/fdsb
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040

Ncb Ne Er
4661 E Main St
Columbus, OH 43213

Nordstrom FSB
Attention: Bankruptcy Department
Po Box 6566
Englewood, CO 80155

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

U.S. Trustee
United States Trustee (ND)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Jose Barron
Columba Barron
13 La Cadena Street
Santa Barbara, CA 93103

Brian D Fittipaldi
128 E Carrillo St
Santa Barbara, CA 93101

Courtesy Copy to
Bankruptcy Judge Robin Riblet
1415 State Street
Santa Barbara, CA 93101

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on

March 17, 2011.

_____
Signature

Best Case Bankruptcy